**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------X Case No.

PATRICK PLUMMER, on behalf of himself
individually and all others similarly situated,

                                        Plaintiff,

                    -against-

ATLANTIC CREDIT & FINANCE, INC.,
CAPITAL MANAGEMENT SERVICES, LP. and
VELOCITY INVESTMENTS, LLC.

                                        Defendants.
--------------------------------------------------------------------X

FILED

OCT 25 2013

USDC WP SDNY

**CLASS ACTION**
**COMPLAINT**

*13 CV  7562*

JUDGE TORRES

            Plaintiff, by and through his attorneys, FAGENSON & PUGLISI, upon

knowledge as to himself and his own acts, and as to all other matters upon information

and belief, brings this complaint against above-named defendants and in support thereof

alleges the following:

                              INTRODUCTION

      1.     That this is an action for damages brought by an individual

consumer and on behalf of a class for defendants' violations of the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from

engaging in abusive, deceptive and unfair acts and practices.

JURISDICTION AND VENUE

2.     That this Court has federal question jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     That this Court has venue pursuant to 28 U.S.C. § 1391(b) in that plaintiff resides in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

PARTIES

4.     That plaintiff is a natural person who resides in Bronx County within this District.

5.     That plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) as he is a natural person who is alleged by defendants to owe a financial obligation.

6.     That the financial obligation which defendants sought to collect from plaintiff is a debt within the meaning of 15 U.S.C. § 1692a(5) in that the obligation which defendants sought to collect from plaintiff was originally incurred for personal, family or household purposes to HSBC.

7.     That plaintiff is a reasonable consumer within the meaning of NYGBL § 349 who acted reasonably under the circumstances alleged herein.

8.     That defendant Atlantic Credit & Finance, Inc. ("Atlantic Credit") is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

9.     That Atlantic Credit uses the mail in its business which is the purchase of defaulted consumer debts originally owed or due or alleged to be originally owed or due to others.

10.     That the principal purpose of Atlantic Credit's business is the purchase of defaulted consumer debts originally owed or due or alleged to be originally owed or due to others.

11.     That Atlantic Credit regularly purchases such defaulted consumer debts.

12.     That Atlantic Credit purchases each debt for "pennies on the dollar".

13.     That Atlantic Credit regularly collects or attempts to collect such debts either itself or through others.

14.     That, initially, Atlantic Credit attempts to collect the full face value of the debts.

15.     That upon information and belief, Atlantic Credit is a foreign business corporation incorporated in Virginia.

16.     That defendant Capital Management Services, LP. ("Capital Management") is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

17.     That Capital Management uses the mail in its business which is the collection of defaulted consumer debts owed or due or alleged to be owed or due to others.

18.     That the principal purpose of Capital Management's business is the collection of defaulted consumer debts owed or due or alleged to be owed or due to others.

–3–

19.     That Capital Management regularly collects or attempts to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

20.     That upon information and belief, Capital Management is a foreign limited partnership incorporated in Delaware.

21.     That defendant Velocity Investments, LLC. ("Velocity Investments") is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

22.     That Velocity Investments uses the mail in its business which is the purchase of defaulted consumer debts originally owed or due or alleged to be originally owed or due to others.

23.     That the principal purpose of Velocity Investments' business is the purchase of defaulted consumer debts originally owed or due or alleged to be originally owed or due to others.

24.     That Velocity Investments regularly purchases such defaulted consumer debts.

25.     That Velocity Investments purchases each debt for "pennies on the dollar".

26.     That Velocity Investments regularly collects or attempts to collect such debts either itself or through others.

27.     That, initially, Velocity Investments attempts to collect the full face value of the debts.

28.     That upon information and belief, Velocity Investments is a foreign limited liability company incorporated in New Jersey.

–4–

## FACTUAL ALLEGATIONS

29.     That plaintiff re-alleges paragraphs 1-28 as if fully re-stated herein.

30.     That at some point in time, plaintiff allegedly incurred a certain credit card debt for personal or family purposes to Union Plus Credit Card/HSBC.

31.     That plaintiff made the last payment on the account in September 2006, at latest.

32.     That HSBC alleged that the debt fell into default.

33.     That Atlantic Credit purchased the defaulted debt from HSBC after the date of the default.

34.     That beginning, at latest, in the year 2007 various debt collectors attempted to collect the debt from plaintiff.

35.     That said debt collectors were attempting to collect the debt on behalf of Atlantic Credit.

36.     That  said debt collectors sent letters to plaintiff concerning the debt.

37.     That upon receipt of the letter from each debt collector, plaintiff consulted with his attorneys at Fagenson & Puglisi.

38.     That Concetta Puglisi, Esq. of Fagenson & Puglisi wrote a letter to each debt collector.

39.     That in each letter Ms. Puglisi informed the debt collector that Fagenson & Puglisi represented plaintiff and that plaintiff was disputing the debt.

40.     That in each letter Ms. Puglisi stated that plaintiff should not be contacted directly.

41.     That by letter dated August 8, 2009 Capital Management wrote directly to plaintiff at his home in an attempt to collect the debt.

42.     That Capital Management stated that it was sending the letter to plaintiff on behalf of Atlantic Credit.

43.     That by letter dated September 14, 2010 a debt collector named Northland Group, Inc. wrote directly to plaintiff at his home in an attempt to collect the debt.

44.     That Northland Group stated that it was sending the letter on behalf of Atlantic Credit.

45.     That after receipt of the letter plaintiff consulted with his attorneys at Fagenson & Puglisi.

46.     That thereafter by letter dated December 2, 2010 Ms. Puglisi wrote to Northland Group.

47.     That in her letter Ms. Puglisi informed Northland Group that Fagenson & Puglisi represents plaintiff and that plaintiff disputes the debt.

48.     That Ms. Puglisi also informed Northland Group that plaintiff should not be contacted directly concerning the debt.

49.     That by letter dated December 9, 2010 Northland Group wrote to Ms. Puglisi stating that it had forwarded Ms. Puglisi's letter to Atlantic Credit and that it had ceased all collection efforts and the account was pending recall by Atlantic

—6—

Credit.

50.      That by letter dated February 7, 2011, Ms. Puglisi wrote to Atlantic Credit directly, informing Atlantic Credit that Fagenson & Puglisi represents plaintiff and that plaintiff was disputing the debt Atlantic Credit was attempting to collect.

51.      That Ms. Puglisi also informed Atlantic Credit that plaintiff should not be contacted directly concerning the debt.

52.      That by letter dated February 15, 2011 Atlantic Credit wrote to Ms. Puglisi acknowledging receipt of her letter and with purported verification of the debt.

53.      That in its letter dated February 15, 2011, Atlantic Credit stated that the last payment date to HSBC was September 21, 2006.

54.      That by letter dated October 24, 2012 Capital Management again wrote to plaintiff in an attempt to collect the same HSBC debt.

55.      That Capital Management sent the October 24, 2012 letter directly to plaintiff at his home.

56.      That in the October 24, 2012 letter Capital Management stated that it was sending the letter to plaintiff on behalf of Velocity Investments.

57.      That in the October 24, 2012 letter Capital Management states that the debt balance is $3,724.12.

58.      That Capital Management further stated, in pertinent part:

"Capital Management Services, LP is authorized to accept less than the full balance due as settlement of the above account. The settlement amount of $744.82, which represents 20% of the amount presently owed, is due in our office no later than forty-five (45) days after receiving this notice. We are not obligated to renew this offer...For your convenience, this settlement may be made

–7–

online at..."

59.     That when Capital Management sent the October 24, 2012 letter, it was more than six years since the date of the last payment on the account.

60.     That the statute of limitations for commencing legal action for the debt pursuant to New York law is six years.

61.     That in its letter Capital Management offers plaintiff a settlement and invites plaintiff to pay the settlement online.

62.     That Capital Management does not inform plaintiff in its letter that the statute of limitations to sue him for the debt had expired.

63.     That Capital Management does not inform plaintiff in its letter that any payment towards the debt will revive the statute of limitations.

64.     That pursuant to the Administrative Code of the City of New York, Title 20, Chapter 2, Subchapter 30, § 20-493.2(b) and Title 6, Chapter 2, § 2-191 of the Rules of the City of New York, Capital Management is prohibited from seeking to collect the debt unless Capital Management first provides the following information to plaintiff:

> "WE ARE REQUIRED BY LAW TO GIVE YOU THE FOLLOWING INFORMATION ABOUT THIS DEBT. The legal time limit (statute of limitations) for suing you to collect this debt has expired. However, if somebody sues you anyway to try to make you pay this debt, court rules REQUIRE YOU to tell the court that the statute of limitations has expired to prevent the creditor from obtaining a judgment. Even though the statute of limitations has expired, you may CHOOSE to make payments. However, BE AWARE: if you make a payment, the creditor's right to sue you to make you pay the entire debt may START AGAIN."

65.     That Capital Management did not provide this information in its October 24, 2012 letter to plaintiff.

–8–

66.     That plaintiff received Capital Management's letter in the mail several days after October 24, 2012.

67.     That Capital Management did not send another letter to plaintiff within five days after sending its letter dated October 24, 2012.

ALLEGATIONS AGAINST ATLANTIC CREDIT

AS AND FOR A FIRST CAUSE OF ACTION

FDCPA §§ 1692c(a)(2), 1692e(8), 1692e(2)(A) and 1692e(10)

*Failure to Inform Velocity Investments that Plaintiff disputes the debt and that Plaintiff is represented by counsel*

68.     That plaintiff re-alleges paragraphs 1-67 as if fully re-stated herein.

69.     That plaintiff's attorney, Concetta Puglisi, had repeatedly informed Atlantic Credit's debt collectors that plaintiff disputed the debt and that plaintiff was represented by counsel.

70.     That, further, by her letter dated February 7, 2011, Ms. Puglisi had informed Atlantic Credit directly that plaintiff disputed the debt and that plaintiff was represented by counsel.

71.     That Atlantic Credit, by its letter dated February 15, 2011, acknowledged receipt of Ms. Puglisi's letter.

72.     That, pursuant to the FDCPA, § 1692c(a)(2), on the sale of the debt to Velocity Investments, Atlantic Credit had a duty to inform Velocity Investments that plaintiff was represented by counsel.

73.     That, pursuant to the FDCPA, § 1692e(8), on the sale of the debt, Atlantic Credit had a duty to inform Velocity Investments that plaintiff disputed the debt.

–9–

74.    That Atlantic Credit failed to fulfill its duties under the FDCPA.

75.    That as a result of said failure, Atlantic Credit caused Velocity Investments to contact plaintiff at his home through its debt collector Capital Management.

76.    That in failing to disclose to Velocity Investments that plaintiff was represented  counsel and that plaintiff disputed the debt, Atlantic Credit gave a false representation to Velocity Investments of the legal status of the debt, in violation of the FDCPA, §§ 1692e(2)(A) and 1692e(10).

WHEREFORE, plaintiff respectfully prays that judgment be entered against Atlantic Credit as follows:

(a)    statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial;

(b)    actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial;

(c)    reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k;

(d)    enjoining Atlantic Credit from further improper direct contact with plaintiff, pursuant to NYGBL § 349;

(e)    enjoining Atlantic Credit from committing further deceptive and misleading acts and practices against plaintiff, pursuant to NYGBL § 349;

(f)    statutory damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

−10−

(g)     actual damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(h)     reasonable attorneys' fees, costs and disbursements pursuant to NYGBL § 349(h); and

(i)     for such other and further relief as may be just and proper.

### DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

### ALLEGATIONS AGAINST CAPITAL MANAGEMENT

### AS AND FOR A SECOND CAUSE OF ACTION

### FDCPA §§ 1692e, 1692e(2)(A) and 1692e(10)

*Failure to Inform Plaintiff that the Statute of Limitations had expired*

77.     That plaintiff re-alleges paragraphs 1-76 as if fully re-stated herein.

78.     That by failing to inform plaintiff in its collection letter dated October 24, 2012 that the statute of limitations on the debt had expired, Capital Management failed to disclose relevant information to plaintiff that would have necessarily influenced plaintiff's decision as to whether to pay the debt or any portion of it.

79.     That by stating in its letter that it is offering plaintiff a settlement and inviting plaintiff to pay the settlement online, Capital Management has encouraged plaintiff to waive his defense to a lawsuit on the statute of limitations ground.

80.     That by offering plaintiff a settlement opportunity Capital Management attempted to deceive plaintiff into believing that there is a legally enforceable obligation to pay the debt.

–11–

81.    That Capital Management knows that if plaintiff pays any portion of the debt, plaintiff will have waived the defense of the statute of limitations.

82.    That Capital Management knows that if plaintiff pays any portion of the debt, plaintiff will have made himself liable to be sued for the debt all over again.

83.    That in as much as Capital Management sent its letter to plaintiff's home in the Bronx, New York, Capital Management had a duty to include the information regarding the statute of limitations required by the Administrative Code of the City of New York and the Rules of the City of New York.

84.    That, upon receipt of Capital Management's letter, plaintiff did not know the legal effect of paying the debt or any portion of it.

85.    That, upon receipt of Capital Management's letter, the least sophisticated consumer would not know the legal effect of paying the debt or any portion of it.

86.    That, upon receipt of Capital Management's letter, the least sophisticated consumer would believe that she had a legally enforceable obligation to pay the debt.

87.    That Capital Management's failure to state in its collection letter that the debt is beyond the statute of limitations is a false representation of the legal status of the debt and is therefore in violation of the FDCPA, including but not limited to, § 1692e(2)(A).

88.    That Capital Management's offer of a settlement opportunity in its collection letter without stating that the debt is beyond the statute of limitations also constitutes a false representation of the legal status of the debt and is also in violation

–12–

of the FDCPA, including but not limited to, § 1692e(2)(A).

89.     That Capital Management's failure to state in its collection letter that the debt is beyond the statute of limitations and Capital Management's offer of a settlement opportunity constitute a false, deceptive and misleading means used by Capital Management in its attempt to collect the debt and is in violation of the FDCPA, including but not limited to §§ 1692e and 1692e(10).

## AS AND FOR A THIRD CAUSE OF ACTION

FDCPA §§ 1692c(a)(2), 1692e(2)(A) and 1692e(10)

*Improper direct communication with Plaintiff after knowledge of representation by counsel*

90.     That plaintiff re-alleges paragraphs 1-89 as if fully re-stated herein.

91.     That as and for a theory of liability alternative to the First Cause of Action:

92.     That Atlantic Credit did inform Velocity Investments upon the sale of the debt that plaintiff disputed the debt and that plaintiff was represented by counsel.

93.     That, in turn, upon Velocity Investments placing the debt with Capital Management for collection, Velocity Investments did inform Capital Management that plaintiff disputed the debt and that plaintiff was represented by counsel.

94.     That, nevertheless, Capital Management sent its collect letter dated October 24, 2012 directly to plaintiff at his home.

95.     That said direct communication with plaintiff constitutes a violation of the FDCPA, § 1692c(a)(2).

–13–

96.     That said direct communication with plaintiff constitutes a violation of the FDCPA, §§ 1692e(2)(A) and 1692e(10), as a false representation of the legal status of the debt and a false and deceptive means used by Capital Management in connection with the collection of the debt.

## CLASS ALLEGATIONS

97.     That plaintiff re-alleges paragraphs 1-96 as if fully re-stated herein.

98.     That this action is brought on behalf of plaintiff and the members of a class. The class consists of all persons who Capital Management's records reflect were sent debt collection letters within the State of New York within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint and who were sent a collection letter (a) in substantially the same form as the collection letter dated October 24, 2012; (b) the collection letter was sent to a consumer seeking payment of a consumer debt; (c) the collection letter was not returned by the postal service as undelivered; and (d) the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10). The class shall be defined as follows:

> All natural persons residing in the State of New York to whom Capital Management sent a collection letter on behalf of Velocity Investments, LLC. concerning a consumer debt which is beyond the statute of limitations and in which collection letter Capital Management fails to state that the debt is beyond the statute of limitations.

99.     The class does not include Capital Management or persons who are officers, directors or employees of Capital Management.

−14−

100.    That pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (A)    Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received similar debt collection letters from Capital Management which violate the various provisions of the FDCPA.

   (B)    There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether Capital Management violated the FDCPA by failing to state in its collection letters seeking payment on debts that are beyond the statute of limitations that the debts are beyond the statute of limitations, in violation of the FDCPA, including but not limited to §§ 1692e, 1692e(2)(A) and 1692e(10).

   (C)    The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of Capital Management.

   (D)    The claims of plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E)     Plaintiff will fairly and adequately represent the class members'
interests. Plaintiff has retained experienced counsel. Plaintiff's
interests are consistent with those of the members of the class.

101.    That a class action is superior for the fair and efficient adjudication
of the class members' claims. Congress specifically envisions class actions as a
principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of the
class are generally unsophisticated individuals, whose rights will not be vindicated in the
absence of a class action. Prosecution of separate actions by individual members of the
class would create the risk of inconsistent or varying adjudications resulting in the
establishment of inconsistent or varying standards for the parties and would not be in
the interest of judicial economy.

102.    That if the facts are discovered to be appropriate, plaintiff will seek
to certify a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil
Procedure.

103.    That communications from debt collectors, such as those sent by
Capital Management, are to be evaluated by the objective standard of the
hypothetical "least sophisticated consumer".

104.    That as a result of the above violations, Capital Management is
liable to plaintiff and the members of the class for damages in an amount to be
determined at the time of trial, plus costs and attorneys' fees.

–16–

WHEREFORE, plaintiff respectfully prays that judgment be entered against Capital Management as follows:

(a)    certifying a class action pursuant to Fed. R. Civ. P. 23(b)(3);

(b)    statutory damages to the class pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial;

(c)    statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial;

(d)    actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial;

(e)    reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k;

(f)    enjoining Capital Management from further improper direct contact with plaintiff, pursuant to NYGBL § 349;

(g)    enjoining Capital Management from committing further deceptive and misleading acts and practices against plaintiff, pursuant to NYGBL § 349;

(h)    statutory damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(i)    actual damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(j)    reasonable attorneys' fees, costs and disbursements pursuant to NYGBL § 349(h); and

(k)    for such other and further relief as may be just and proper.

−17−

DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

ALLEGATIONS AGAINST VELOCITY INVESTMENTS

AS AND FOR A FOURTH CAUSE OF ACTION

FDCPA §§ 1692c(a)(2), 1692e(8), 1692e(2)(A) and 1692e(10)

*Failure to Inform Capital Management that Plaintiff disputes the debt and that Plaintiff is represented by counsel*

105.    That plaintiff re-alleges paragraphs 1-104 as if fully re-stated herein.

106.    That as and for a theory of liability alternative to the First and Third Causes of Action:

107.    That Atlantic Credit did inform Velocity Investments, upon the sale of the debt, that plaintiff disputed the debt and that plaintiff was represented by counsel.

108.    That, however, upon placing the debt with Capital Management for collection, Velocity Investments failed to inform Capital Management that plaintiff disputed the debt and that plaintiff was represented by counsel.

109.    That Velocity Investment's said failure caused Capital Management to send its October 24, 2012 letter directly to plaintiff at his home.

110.    That by said failure to inform Capital Management that plaintiff is represented by counsel, Velocity Investments is liable under the FDCPA, § 1692c(a)(2).

111.    That by said failure to inform Capital Management that plaintiff disputed the debt, Velocity Investments is liable under the FDCPA, § 1692e(8).

–18–

112.   That in failing to disclose to Capital Management that plaintiff was represented  counsel and that plaintiff disputed the debt, Velocity Investments gave a false representation to Capital Management of the legal status of the debt, in violation of the FDCPA, §§ 1692e(2)(A) and 1692e(10).

WHEREFORE, plaintiff respectfully prays that judgment be entered against Velocity Investments as follows:

(a)   statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial;

(b)   actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial;

(c)   reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k;

(d)   enjoining Velocity Investments from further improper direct contact with plaintiff, pursuant to NYGBL § 349;

(e)   enjoining Velocity Investments from committing further deceptive and misleading acts and practices against plaintiff, pursuant to NYGBL § 349;

(f)   statutory damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(g)   actual damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(h)   reasonable attorneys' fees, costs and disbursements pursuant to NYGBL § 349(h); and

–19–

(i)     for such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
      October 23, 2013.

NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212)268-2128
Nkidd@fagensonpuglisi.com